**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Tre Danforth,

                Plaintiff,

vs.

City of Las Vegas, et al.,

             Defendants.

Case No. 2:25-cv-01144-GMN-MDC

**ORDER GRANTING PLAINTIFF'S IFP APPLICATION (ECF NO. 5) AND SCREENING PLAINTIFF'S COMPLAINT (ECF NO. 1)**

Pro se plaintiff Tre Danforth filed a renewed *Application to Proceed In Forma Pauperis* ("IFP") and a proposed complaint. *ECF Nos. 5 and 2-1*. The Court grants plaintiff's IFP Application. *ECF No. 5*. The Court dismisses his complaint without prejudice, and with leave to refile. *ECF No. 2-1*.

**I.      WHETHER PLAINTIFF MAY PROCEED IN FORMA PAUPERIS**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Court previously denied plaintiff's IFP application as incomplete and ordered plaintiff to file this Court's approved long form. *ECF No. 4*. Plaintiff filed the long form from state court instead, but since the state form is similar to this Court's long form and plaintiff provided detailed and complete answers, the Court accepts plaintiff's application.. *ECF No. 5 at 2*. Plaintiff states that he receives $200 per month in wages. *ECF No. 2 at 2*. Plaintiff itemizes his expenses for the month, which includes utilities, transportation, and food: he estimates that he has $345 in total expenses per month. *Id.* While plaintiff's handwriting is difficult to read, he does provide a lengthy explanation about how his finances fluctuate every month. *Id. at 4*. The Court finds that plaintiff cannot afford the filing fee and grants his IFP application.

## II.      WHETHER PLAINTIFF'S COMPLAINT STATES A PLAUSIBLE CLAIM

### A.  Legal standard

The Court reviews plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### B.  Complaint

Plaintiff's handwriting is difficult to read, but he appears to allege that law enforcement pulled him over for having temporary plates. *ECF No. 2-1 at 6*. Law enforcement stated that they smelled weed

and wanted to do a field sobriety test. *Id*. Law enforcement asked to search his car and when he said no, they took him to jail. *Id*. Plaintiff brings claims for (1) violations of the Fourth Amendment regarding unreasonable searches, seizure, and unlawful detainment; (2) for excessive force and threat to safety; and (3) wrongful arrest. *Id*. at 7-10.

### a.  Plaintiff's 42 U.S.C. § 1983 and Fourth Amendment Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). Section 1983 does not create substantive rights but instead "provides a mechanism for enforcing individual rights 'secured' elsewhere, i.e., rights independently 'secured by the Constitution and laws' of the United States." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285, 122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002).

Section 1983 claims may be brought against defendants in their official or personal capacities. *Hafer v. Melo*, 502 U.S. 21, 27, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991). If a plaintiff brings a claim against a defendant in that person's "official capacity," the real party in interest is the governmental entity and not the named official. *Id.* If a plaintiff brings a claim against a defendant in that person's "personal capacity," the plaintiff is "seek[ing] to impose individual liability upon a government officer for actions taken under color of state law." *Id.* at 25. The Eleventh Amendment bars damages actions against state officials in their official capacities. *See Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007). "[W]hen a plaintiff sues a defendant for damages, there is a presumption that he is seeking damages against the defendant in his personal capacity." *Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) (citing *Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999)). The Fourth Amendment governs the reasonableness of government searches and seizures. See U.S. Const., amend. IV ("The

right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . but upon probable cause ..."). "Under the Fourth Amendment, a seizure for a traffic stop is 'a relatively brief encounter,' 'more analogous to a so-called Terry stop than to a formal arrest." *United States v. Harris*, 777 F. Supp. 3d 988, 1005 (D. Alaska 2025), citing to *United States v. Taylor*, 60 F.4th 1233, 1239 (9th Cir. 2023). In *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968), the Supreme Court held that if an officer has reasonable articulable suspicion that a person is engaged in a crime, the officer may briefly detain that person to make a limited and appropriate inquiry. *Id.* at 21-22.

### i. Plaintiff's Fourth Amendment Claims

"There can be no dispute that temporary detention of individuals during the stop of an automobile by the police, even for a brief period, constitutes a "seizure" within the meaning of the Fourth Amendment and Article I, Section 7." *Bikle v. Davies*, No. 1:17-cv-00261-SOM-KJM, 2017 U.S. Dist. LEXIS 89298, at *4 (D. Haw. June 9, 2017), citing to *Whren v. United States*, 517 U.S. 806, 809-10, 116 S. Ct. 1769, 135 L. Ed. 2d 89 (1996) (traffic stop is seizure subject to the Fourth Amendment). Plaintiff alleges that law enforcement pulled him over for having temporary plates, which the Ninth Circuit has held could give rise to reasonable suspicion to stop a driver in certain circumstances. See *United States v. Terxidor*, No. 23-652, 2024 U.S. App. LEXIS 16191, at *1 (9th Cir. July 1, 2024)(The Fourth Amendment did not require suppression of the loaded firearm obtained during a traffic stop because officers had reasonable suspicion to stop appellant given that, among others, the officers encountered the appellant's car at night in an especially crime-heavy portion of the Tenderloin, and the appearance of the temporary plate affixed to the car appeared unusual to the officers.).

Plaintiff alleges that the officers smelled weed in his car, which could also be reasonable articulable suspicion that a person is engaged in a crime. Despite marijuana's legality in Nevada, it is

illegal to smoke marijuana and drive. See Nev. Rev. Stat. Ann. § 678D.300(1)(a) ("A person is not exempt from state prosecution for any of the following acts...Driving, operating or being in actual physical control of a vehicle, a power-driven vessel or a sailing vessel under way while under the influence of cannabis.").

Plaintiff states he told the officers he had not smoked marijuana and that his car smelled like marijuana because he had some in his car. Plaintiff has not stated enough facts pursuant to Rule 8 to show that the officers did not have a reasonable articulable suspicion to briefly detain him and ask him to do a sobriety test to see if he engaged in the crime of driving under the influence. Plaintiff alleges that he consented to a sobriety test but that he asked for a sergeant to do it. *ECF No. 2-1 at 8*. Plaintiff alleges that when the sergeant arrived, the police lied and told the sergeant he did not talk to them. *Id.* Plaintiff alleges that the police then wrongfully detained him, and the police towed his car.

Construing plaintiff's complaint liberally, he wishes to impose individual liability upon the individual defendant officers acting in their personal capacity for actions taken under the color of law. Plaintiff has not stated enough facts to give the defendants notice regarding a Fourth Amendment violation related to the search. For example, it is not clear if the towing of the car is the seizure he complains about, or if the officers searched the car after they towed it. Plaintiff does not give enough details regarding his interactions with the individual officers. Plaintiff does not allege anything about how long the alleged detention took place or whether the officers acted without probable cause. It is also not clear why the plaintiff believes why the officers lacked reasonable suspicion for the stop. Even liberally construing plaintiff's complaint, it does not state sufficient factual allegations about the underlying dispute and the defendants' role in the matter to state a claim. If plaintiff amends, he must

state additional specific facts about the incident, including what officer did what during the incident.

### ii.   Excessive Force

Although excessive force claims may arise under the Fourth or Eighth Amendment, the Fourth Amendment is implicated when an excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, while the Eighth Amendment is implicated when an excessive force claim arises in the context of a post-conviction prison encounter. *Graham v. Connor*, 490 U.S. 386, 393-95 & n.10, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). The test for such Fourth Amendment excessive force claims is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Graham*, 490 U.S. at 396-97 (internal citations omitted).

Regarding plaintiff's potential excessive force claim under the Fourth Amendment, the plaintiff appears to allege that he did not feel safe during the interaction because they wanted him to take a sobriety test even though he told them he had a hurt leg. Plaintiff's allegations fail to adequately allege any excessive force, or how each officer used excessive force, and the basis for each officer's lack of probable cause to believe that plaintiff had committed a crime.

### iii.   False Arrest

Claims involving arrest without probable cause, or a warrant are examined under Fourth Amendment standards. See *Albright v. Oliver*, 510 U.S. 266, 274-75, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994). In *Albright*, the Court held that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Id.* at 273. The Fourth Amendment requires that law enforcement officers have probable cause to support an arrest. *Luchtel v. Hagemann*, 623 F.3d 975, 979 (9th Cir. 2010). An arrest is supported by probable cause if, "under the totality of circumstances known to the arresting officers, a prudent person

would have concluded that there was a fair probability that [the suspect] had committed a crime." *Id.* (citations omitted); see also *Illinois v. Gates*, 462 U.S. 213, 235, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983) (The evidence only needs to support "the probability, and not a prima facie showing, of criminal activity.").

Plaintiff appears to be attempting to bring a claim for false arrest pursuant to the Fourth Amendment. Plaintiff has again not stated enough facts to give notice to the defendants regarding a plausible false arrest claim. Plaintiff has not stated enough facts to show that the officers could not have had probable cause to detain him. Plaintiff has not stated a claim for false arrest under the Fourth Amendment.

### iv.   Plaintiff's Claims Against the City of Las Vegas

A municipality, like the City of Las Vegas, can be sued under section 1983, but only for "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or for a "governmental 'custom' even though such a custom has not received formal approval through the body's official decision[-]making channels." *Monell v. Dept. of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Plaintiff has not alleged any policy or custom of the City of Las Vegas violated his constitutional rights. He has not stated a claim upon which relief can be granted against the City of Las Vegas

### v.   Plaintiff's Claim Against the Seven Individual Doe Officers

A "person" under § 1983 includes state and local officials sued in their personal capacities, like police officers. The Federal Rules of Civil Procedure do not authorize or prohibit the use of fictitious parties, but Rule 10 does require a plaintiff to include the names of all parties in his complaint. *See* Fed. R. Civ. P. 10(a). Therefore, in a section 1983 suit, the "plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must [also] allege specific facts

showing how each particular doe defendant violated his rights." *Cuda v. Emples./Contrs./Agents at or OCCC*, 2019 U.S. Dist. LEXIS 78849, 2019 WL 2062945, at *3-4 (D. Haw. May 9, 2019). Plaintiff includes seven unidentified John Doe officers as defendants in the caption of his pleading—but he fails to specify what any of the Does either did or failed to do to cause unconstitutional harm. *See Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). By failing to describe each individual responding officer's personal participation in the incident, plaintiff also fails to state a claim against any of the unidentified Does. *See, e.g.*, *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1070-71 (N.D. Cal. 1988) (dismissing complaint that "lumped" all defendants "together in a single, broad allegation" without "stating with any specificity how each private defendant allegedly deprived [plaintiff] of a right secured by the Constitution" ).

### b.   Plaintiff Has Not Adequately Pled Facts Supporting Any Claim

Plaintiff's complaint is difficult to read and follow, and the Court finds that he has also not plead enough facts to support a claim against the defendants. Plaintiff has also failed to allege whether his arrest led to a conviction and whether he exhausted his appeals. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held "that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been" previously invalidated. *Id.* Plaintiff has not discussed whether he has been convicted or shown that his sentence has been invalidated. Plaintiff's complaint may be properly dismissed on this basis as well. *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) ("[B]ecause a judgment in favor of [the plaintiff] would necessarily imply the invalidity of his sentence, and because [the plaintiff] did not show that his sentence has been invalidated, the district court properly dismissed this

action.").

## C. Conclusion

Plaintiff has not articulated any plausible claims. It is possible that these deficiencies may be cured through amendment.  Plaintiff's complaint is dismissed without prejudice. Plaintiff must file an amended complaint explaining the circumstances of the case, the relief plaintiff seeks, and the law upon which he relies in bringing the case.  The amended complaint must be "complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading.  LR 15-1(a).

**IT IS SO ORDERED:**

1. That plaintiff's *Application To Proceed In Forma Pauperis* (ECF No. 5) is **GRANTED**.

2. Plaintiff's complaint (ECF No. 2-1) is DISMISSED without prejudice with leave to amend.

3. That plaintiff has until **February 19, 2026**, to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal.

4. The Clerk of the Court is directed NOT to issue summons if plaintiff files an amended complaint.  The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.  See 28 U.S.C. § 1915(e)(2).

IT IS SO ORDERED.

DATE: January 20, 2026.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

9

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**