**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TRE DANFORTH,

Plaintiff,

vs.

CITY OF LAS VEGAS, *et al.*,

Defendants.

Case No.: 2:25-cv-01144-GMN-MDC

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pending before the Court is the Report and Recommendation ("R&R") by Magistrate Judge Maximiliano D. Couvillier, III, (ECF No. 9), recommending that Plaintiff Tre Danforth's claim for excessive force against the six doe individual marshals who pointed guns at him be allowed to proceed. The R&R further recommends that the rest of Plaintiff's claims and the remaining Defendants be dismissed. Plaintiff filed an Objection, (ECF No. 10-1).[1]

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b).

Plaintiff raises six objections which the Court addresses in turn. First, Plaintiff argues that the Magistrate Judge erred in recommending the dismissal of his *Monell* claims because "the facts support a custom or practice of ignoring valid DMV-issued temporary plates and

[1] Plaintiff filed a Motion for Leave to File Objection, (ECF No. 10), requesting leave to file his Objection four days late. For good cause appearing, and because Plaintiff demonstrates excusable neglect, the Motion for Leave is GRANTED.

conducting unreasonable stops and seizures." (Obj. at 1, Ex. 1 to Mot. Leave, ECF No. 10-1). But Magistrate Judge Couvillier is correct that Plaintiff's First Amended Complaint merely contains a bare bone allegation that the officers' violations resulted from a policy, custom, or failure to train; it does not allege any facts to support a *Monell* claim. (*See* Frist Am. Compl. ("FAC") at 2, ECF No. 8-1). Thus, this objection is OVERRULED.

Second, Plaintiff argues that the Magistrate Judge erred in recommending the dismissal of the claims against the seventh Doe Defendant (the sergeant) because "the sergeant failed to supervise his officers, ignored body camera evidence, and pushed for arrest despite clear compliance and valid documentation." (Obj. at 1). But these allegation are not in the FAC, so Magistrate Judge Couvillier's recommendation to dismiss the claims against the sergeant is not in error. Accordingly, this objection is OVERRULED.

Third, Plaintiff argues that the Magistrate Judge erred in recommending the dismissal of his false arrest/unlawful detention claims because "no probable cause existed given the valid temporary plates and Plaintiff's full compliance." (Obj. at 2). However, Plaintiff's FAC merely states that the officers lacked probable cause to arrest him and does not allege facts to support this legal conclusion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining Federal Rule of Civil Procedure 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Thus, this objection is OVERRULED.

Fourth, Plaintiff argues that the Magistrate Judge Couvillier erred in recommending the dismissal of his unlawful seizure claim because "the towing and loss of Plaintiff's vehicles while he was jailed constitutes an unreasonable seizure causing economic damages." (Obj. at 2). But again, Plaintiff's FAC does not allege facts to support this legal conclusion. *Twombly*, 550 U.S. at 555. Accordingly, this objection is OVERRULED.

Plaintiff's fifth objection argues that *Heck* and *Younger* issues are premature at this stage. But the R&R explains that *Heck* and *Younger* would be better considered at a different stage in the litigation. (R&R 6:13–7:21, ECF No. 9). Thus, this objection is moot.

Plaintiff's final objection asks for leave to amend his FAC. Because it is not clear that amendment would be futile, Plaintiff is granted leave to amend his FAC and file a Second Amended Complaint. This will be the last amendment opportunity the Court will grant considering Magistrate Judge Couvillier previously granted Plaintiff leave to amend before. This objection is therefore SUSTAINED.

Accordingly,

**IT IS HEREBY ORDERED** that the R&R, (ECF No. 9), is **ACCEPTED AND ADOPTED IN PART**.

**IT IS FURTHER ORDERED** that all of Plaintiff's claims, except his claim for excessive force, are **DISMISSED** without prejudice. The Court **GRANTS** Plaintiff leave to amend these claims only. Plaintiff is instructed that this will be the last opportunity for amendment the Court will grant.

**IT IS FURTHER ORDERED** that Plaintiff must file his Second Amended Complaint within 21 days of this Order.

**IT IS FURTHER ORDERED** that the Motion for Leave, (ECF No. 10), is **GRANTED**.

**DATED** this __27__ day of July, 2026.

________________________________
Gloria M. Navarro, District Judge
United States District Court