**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Tre Danforth,<br>Plaintiff(s),<br>vs.<br>City of Las Vegas,<br>Defendant(s). | 2:25-cv-01144-GMN-MDC<br>**ORDER** |

Pro se plaintiff filed a *Second Amended Complaint* (ECF No. 14) pursuant to this Court's Order. (ECF No. 13). The plaintiff is now allowed to proceed with this case. The Court **ORDERS** that Second Amended Complaint (ECF No. 14) is the **OPERATIVE** complaint.

The Court screened plaintiff's complaint and denied it without prejudice. *ECF No. 6*. The plaintiff later filed a motion for leave to file an amended complaint and attached an amended complaint. *ECF No. 8-1*. The Court rescreened the amended complaint and issued a report and recommendation to allow his excessive force claim to proceed, but to dismiss the rest of plaintiff's claims. *ECF No. 9*. The Court adopted the report and recommendation, allowing the plaintiff to proceed with his excessive force claim, but gave plaintiff another opportunity to amend. *ECF No. 12*. Plaintiff timely filed the instant Second Amended Complaint. *ECF No. 14*. Since the plaintiff only asserts a claim for excessive force, which the Court already screened and ordered could proceed, the Court approves the Second Amended Complaint and orders that it is now allowed to proceed. The Second Amended Complaint (ECF No. 14) is the operative complaint.

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980) "[S]ituations arise where the identity of alleged defendants will not be known prior to the filing of the complaint…the plaintiff should be given an opportunity through discovery to identify the unknown defendants." *Id.* Plaintiff has named doe defendant officers.

Plaintiff alleges that the arrest happened on December 22, 2024 in Las Vegas near West Charleston and Shadow Lane. Reading plaintiff's complaint liberally, he appears to erroneously call the officers Las Vegas Marshals, because based on the location, the officers are probably LVMPD officers. The Court will thus notify the Las Vegas Metropolitan Police Department about plaintiff's lawsuit.

**IT IS ORDERED that:**

1. Plaintiff's *Second Amended Complaint* (ECF No. 14) is the **OPERATIVE** complaint.
2. The Clerk's Office is kindly **DIRECTED** to send this order and the operative complaint (ECF No. 14) to the General Counsel's Office at Las Vegas Metropolitan Police Department at claims@lvmpd.com and m16091c@lvmpd.com.
3. The Clerk of Court is kindly **DIRECTED NOT** to issue summons at this time, since the names of the officers are currently unknown. The Court will issue another order regarding issuance of the summons once the names of the defendants are known.
4. The General Counsel's Office **MUST** by **September 24, 2026**, file a notice advising the Court and plaintiff of:
    a. the names of the defendant(s) for whom it will accept summons and service;
    b. the names of the defendant(s) for whom it does not accept service, and
    c. the names of the defendant(s) for whom it is filing a last-known address under seal.
5. As to any defendant(s) for whom the General Counsel's Office cannot accept service, the General Counsel's Office **MUST FILE UNDER SEAL** the last-known address of those defendant(s) for whom it has such information. This notice with last-known address information is not to be served on Plaintiff.
6. If the last-known address of the defendant(s) is a post office box, the General Counsel's

Office **MUST ATTEMPT** to obtain and provide the last-known physical address.

7. If the General Counsel is unable to identify the names of any of the defendants, or needs additional information to identify them, counsel **MUST** include this in the notice.
8. If the General Counsel is unable to identify the names of the defendants, the **PLAINTIFF MUST** file a motion for early discovery.
9. If the General Counsel's Office accepts service of process for any named defendant(s), the Court will direct the Clerk of Court to issue summons directly to the General Counsel's Office. Such defendants **MUST** file and serve an answer or other response to the complaint within sixty days of receipt of the summons with the named defendants.
10. If the General Counsel cannot accept service for any of the defendant(s) **PLAINTIFF MUST** file a identifying the unserved defendant(s) and requesting issuance of summons(es).
11. For the defendant(s) as to which the General Counsel's Office does not provide a last known address, **PLAINTIFF MUST** ultimately provide the full name and address for the defendant(s) as this is his case to prosecute.
12. Service must be completed by **December 2, 2026**

IT IS SO ORDERED.

DATED September 4, 2026.

Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk

of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**