UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Tre Danforth,

Plaintiff(s),

vs.

City of Las Vegas,

Defendant(s).

2:25-cv-01144-GMN-MDC

**ORDER AMENDING 09/04/26 ORDER (ECF No. 15)**

On September 4, 2026, the Court entered an order (ECF No. 15)("09/04/26 Order") which, among other things, determined that plaintiff's Second Amended Complaint (ECF No. 14) is the **OPERATIVE** complaint and that plaintiff may proceed with this case. At that time, the Court, liberally construing the Second Amended Complaint, believed that the Las Vegas Metropolitan Police Department or its officers may have been intended named defendants. Thus, the 09/04/26 Order also directed the General Counsel's Office at Las Vegas Metropolitan Police Department to respond regarding service of process. *Id.* The Las Vegas Metropolitan Police Department has not responded to the 09/04/26 Order.

The Court has reexamined plaintiff's Second Amended Complaint and, at this time, concludes that the plaintiff must proceed with service only upon the actual named defendants, the City of Las Vegas and Las Vegas Marshals Nos. 1 through 6 (ECF No. 14). Thus, the Las Vegas Metropolitan Police Department is no longer required to respond to the 09/04/26 Order. Accordingly, the Court amends its 09/04/26 Order and directs plaintiff to serve the expressly named defendants as ordered stated below.

The Court now addresses the issue of summons. Pursuant to Fed. R. Civ. P. 4(c)(3), "the court may order that service be made by a United States Marshal or deputy marshal or by a person specially appointed by the court. The court **must so order** if the plaintiff is authorized to proceed in forma

pauperis under 28 U.S.C. § 1915[.]." *Id*., (emphasis added). Since the plaintiff is authorized to proceed in forma pauperis, the Court orders service by the U.S. Marshal. Federal Rule of Civil Procedure 4 also requires a summons be "directed to the defendant". Fed. R. Civ. P. 4(a)(1)(B). The Clerk of Court can only issue summons against the City of Las Vegas. The remaining defendants are currently unidentified "Doe" defendants, so no summons can issue against them at this time.

**IT IS ORDERED that** the Court's 09/04/26 Order is Amended as follows:

1. Paragraphs 2 through 12 requesting certain responses from the General Counsel's Office at Las Vegas Metropolitan Police Department and giving certain directives to plaintiff are **VACATED**.
2. Plaintiff's *Second Amended Complaint* (ECF No. 14) is the **OPERATIVE** complaint and plaintiff shall service his Second Amended Complaint upon the expressly named defendants: the City of Las Vegas and Las Vegas Marshals Officers Numbers 1 through 6.
3. If the City of Las Vegas accepts service of process and after the City of Las Vegas makes an appearance in this case, plaintiff may serve one interrogatory on the City of Las Vegas requesting the names of the officers involved in his **December 22, 2024** arrest along with one document request asking for production of his arrest report and any documents attached. "Service" in this context means plaintiff must mail the interrogatory and document request to defendants' counsel at the address that will appear on the document filed with the Court.
4. The Clerk of Court is kindly **DIRECTED** to:

   a. Issue summonses to:

      The City of Las Vegas
      City Clerk's Office
      495 South Main Street
      Las Vegas, NV 89101

   b. Send plaintiff two copies of form USM-285 with the City Clerk's Office address (above)

filled in.

c. Serve sufficient copies of this order, the issued summons, the operative complaint (ECF No. 14), and the screening order (ECF No. 12) on the U.S. Marshals Service.

d. Send a copy of this order to the General Counsel's Office at Las Vegas Metropolitan Police Department at claims@lvmpd.com and m16091c@lvmpd.com.

5. Plaintiff shall have until **October 23, 2026**, to fill out the required USM-285 forms and send it to:

U.S. Marshals Service
333 Las Vegas Blvd. South, Suite 2058
Las Vegas NV 89101

6. Upon **RECEIPT** of the USM-285 form, the U.S. Marshals Service shall, in accordance with Federal Rule of Civil Procedure 4(c)(3), attempt service on the defendant City of Las Vegas.

7. Within 20 days after plaintiff receives copy of the completed USM-285 forms from the U.S. Marshal, plaintiff **MUST** file a notice with the court stating if defendant was served.

8. If plaintiff learns the names of any Doe officers and wishes to have service attempted on an unserved defendant, plaintiff **MUST** file a motion with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant.

IT IS SO ORDERED.

DATED: October 5, 2026.



Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**